IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,        :
                                 :
       Plaintiff(s),            :
                                 :  Case Number: 1:06cr103-7
   vs.                          :
                                 :  Judge Susan J. Dlott
Cornelius Edrington,
                                 
       Defendant(s).            :  Opinion and Order

This matter is before the Court on Defendant's Motion to Reduce Sentence, Pursuant to 18 U.S.C. §3582( c )(2), in a Disputed Disposition Case. The court heard oral arguments by counsel on April 16, 2015. For the reasons stated herein, the Court GRANTS Defendant's Motion (doc. 664).

On May 2, 2007 defendant entered a guilty plea to a charge for conspiracy to possess with intent to distribute in excess of five kilograms of cocaine (doc. 364). The Honorable S. Arthur Spiegel[1] of this Court sentenced the defendant on November 21, 2007. At the time of sentencing, the Court determined that relevant conduct was five kilograms of cocaine and 400 grams of marijuana, which produced a base offense level of 32. This level was raised 2 levels pursuant to §2D1.1(b)(1), based upon the defendant's possession of a firearm during the drug trafficking offense. No other adjustments were applied with the exception of a 3 level reduction for acceptance of responsibility, resulting in a total offense level of 31. The court determined that Mr. Edrington was in criminal history category III. Based upon a total offense level of 31 and a criminal history category of III, the guideline imprisonment range was set at 135 to 168

---

[1] Judge Spiegel became deceased on December 31, 2014.

months. Mr. Edrington was sentenced to 140 months imprisonment, slightly above the minimum of the applicable range.

In his present Motion to Reduce Sentence, defendant requests a reduction in his sentence as a result of the retroactive application of the November 2014 amendment to the drug quantity table in the Federal Sentencing Guidelines.

The defendant meets the criteria for eligibility for a reduction of sentence based upon the retroactive drug guideline amendment, effective November 1, 2014. By applying the new drug guideline, Mr. Edrington's total offense level would be reduced to a level 29. Based upon an offense level 29 and a criminal history category III, the new imprisonment range would be 120 to 135 months. The defendant through defense counsel recommends a lowered sentence to 120 months which is the mandatory minimum.

The government disputes the recommendation for a reduced sentence based on Mr. Edrington's significant criminal history and behavioral issues while serving his imprisonment sentence. The government submits the reduction should not be granted based on public safety concerns, consistent with the dictates of §1B1.10, Commentary, Application Note #1(b)(ii).

### Post-Sentencing Conduct

Records from the Bureau of Prisons disclosed that the defendant has been charged with one rule violation, Use of Alcohol (2012).

Cornelius Edrington has been involved in various treatment and educational pursuits during his incarceration. Edrington completed substance abuse education in 2010 and has consistently attended support group meetings. He earned a GED on April 21, 2010. He began Masonry classes in December, 2014, which he will complete in May, 2015. He has participated

in classes involving Intermediate Real Estate (2014), Basics of Sports Injuries (2013), Crochet (2012), Camp Keyboarding (2012), Introduction to Computer Use (2012), Text Editing (2011), Diversity Awareness (2009, 2010, 2011), Aids Awareness (2011), Camp Leathercraft (2010), Advances Fitness Program (2010), ACE Tools of Thinking (2008), and Parenting Program (2008).  In 2008, the defendant participated in Thursday programs including Your Own Home, Own to Loan, Charge it Right, To Your Credit Keep it Safe, Pay Yourself First, Money matters, Check it Out, Borrowing Basics, Bank on It and Ace Accounting.  In 2008, he also attended ACE Small Business Management and Common Sense Parenting.

## Other Considerations

The defendant's criminal history includes an adjudication for Possession of Cocaine when  he was a juvenile.  As an adult, the defendant has convictions for Attempted Carrying a Concealed Weapon (2003) and Carrying a Concealed Weapon (2006), Minor Misdemeanor Drug Abuse on three occasions, Public Gaming and Driving Under Suspension on two occasions.  The defendant committed the instant offense while under a criminal justice sentence of probation.  The defendant scored six criminal history points, which placed him in a criminal history category of III.

## Recommendation

As outlined, Cornelius Edrington was involved in the use of alcohol in prison once in 2012.  However, there is no indication that he has been involved in any previous or subsequent violation behavior in prison.  Furthermore, Cornelius Edrington has been incarcerated since January 26, 2007.  During his time in prison, Mr. Edrington obtained his GED and has attended a large number of classes.

Notwithstanding the rule violation the defendant has sustained while incarcerated and his prior criminal record, the Court grants defense counsel's motion and reduces Mr. Edrington's offense level to 29, placing him in the new range of 120 to 135 months, by application of the retroactive amendment.  This new range would be based on a total offense level of 29 and a criminal history category of III.  The Court bases its decision on the fact that the defendant has made positive accomplishments while incarcerated based upon the various educational programs in which he has been involved.  Furthermore, he has had only one violation during his incarceration.  He had possessed guns in the past but has no record of assaultive behavior.

The Court originally sentenced the defendant to 140 months imprisonment, which was five months above the minimum of the imprisonment range of 135 to 168 months.  Presently, the new range is 120 to 135 months based on an offense level of 29 and a criminal history category of III.  Mr. Edrington through defense counsel is asking his sentence now be set at 120 months which is the mandatory minimum.  The Court agrees with defense counsel's recommendation for a reduction of sentence to 120 months if defendant agrees to a modified condition of his supervised release in which he would agree to speak to children about the negative effects of drugs.

Lastly, consistent with §1B1.10(e)(1), Special Instruction, the order to reduce the term of imprisonment based upon Amendment 782 will not be effective before November 1, 2015.

IT IS SO ORDERED.

   s/Susan J. Dlott
Judge Susan J. Dlott
United States District Court